IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GUIDEONE ELITE INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-08-727-D ) |
| SOUTHERN NAZARENE UNIVERSITY and PRESTON "LYNN" SIMS, | ) ) ) ) |
| Defendants. | ) |

**O R D E R**

Before the Court is Defendant Southern Nazarene University's Motion to Dismiss [Doc. No. 13]. Although filed pursuant to Fed. R. Civ. P. 12(b)(6), Defendant[1] presents materials outside the pleadings for consideration and, in its reply brief, characterizes the Motion as jurisdictional in nature. The question presented is whether the Court should decline jurisdiction of this action under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, because a pending state court action will affect the issues to be decided and because Plaintiff has engaged in "procedural fencing," like the insurer in *St. Paul Fire & Marine Ins. Co. v. Runyon*, 53 F.3d 1167 (10th Cir. 1995). Plaintiff has responded in opposition to the Motion, and Defendant has replied. The Motion is thus at issue.

This case concerns Plaintiff's duty to provide a defense and indemnification from liability in a state court action seeking recovery for alleged sexual abuse of minors by Ryan Wonderly, who was a student at Southern Nazarene University ("SNU"). Plaintiff claims the policy of commercial general liability insurance issued to SNU does not cover the underlying lawsuit due to an exclusion,

---

[1] Although the case involves two defendants, only Southern Nazarene University has moved for dismissal, and thus all references in this Order to "Defendant" shall mean this entity.

entitled "Exclusion for All Sexual Misconduct." *See* Compl. ¶ 7. By its Motion, SNU contends that Plaintiff has filed this declaratory judgment action to forestall a bad faith action and to avoid its duty to defend the underlying lawsuit. SNU further contends this declaratory action will not resolve the controversy regarding insurance coverage because factual development of the underlying lawsuit is needed but, on the other hand, the underlying lawsuit may resolve the controversy if Defendants prevail on issues of constitutional immunity raised in that case. In response, Plaintiff asserts this action is distinguishable from *Runyon* and other cases cited by Defendant, and denies it is engaged in procedural fencing.

The Declaratory Judgment Act authorizes district courts to exercise discretion in deciding whether to entertain a justiciable controversy and to issue a declaration of rights. *See Kunkel v. Continental Cas. Co.*, 866 F.2d 1269, 1273 (10th Cir. 1989); *see also State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir. 1994). No question is presented in this case concerning the Court's jurisdiction or power to decide Plaintiff's action.[2] The only question is whether the Court should decline to hear the action.

The parties agree that the decision of whether to exercise jurisdiction should be guided by factors articulated by the court of appeals in *Runyon* and other cases, but they disagree concerning the application of those factors under the circumstances. Relevant factors include the following:

> [1] whether a declaratory action would settle the controversy; [2] whether it would serve a useful purpose in clarifying the legal relations at issue; [3] whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race to res judicata"; [4] whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and [5] whether there is an alternative remedy which is better or more effective.

---

[2] The Complaint alleges, and Defendant does not dispute, the existence of federal diversity jurisdiction under 28 U.S.C. § 1332 and the existence of an actual case or controversy.

*Runyon*, 53 F.3d at 1169 (quoting *Mhoon*, 31 F.3d at 983).

Upon consideration of these factors, the Court finds that this action should not be dismissed in its entirety. The Complaint seeks declarations concerning both Plaintiff's duty to defend and Plaintiff's duty to indemnify. *See* Compl. at 3. Under Oklahoma law, these are separate issues. *See First Bank of Turley v. Fidelity & Deposit Ins. Co.*, 928 P.2d 298, 303 (Okla. 1996). Concerning the issue of Plaintiff's duty to defend the underlying lawsuit, there is no alternative remedy that is better or more effective to resolve this issue. Unlike *Runyon*, there is no other pending action between the parties to this case. Defendant admits that, although it threatened to sue Plaintiff, no suit has been filed. Further, while factual development of the underlying lawsuit may be needed to decide the issue of indemnification, the issue of Plaintiff's duty to defend may be decided based on the allegations in the underlying case and other information available to the insurer when a defense was demanded. *See First Bank of Turley*, 928 P.2d at 303-04. Even if Defendants prevail in the underlying lawsuit based on their immunity defenses, the question of who bears the costs of defense in that case would remain unresolved; Plaintiff has provided that defense under a reservation of rights. On the present record, it does not appear that any factual issue involved in the underlying lawsuit will need to be resolved before a determination of Plaintiff's duty to defend can be made. Thus, the Court finds that permitting this case to go forward on the issue of Plaintiff's duty to defend will clarify the contractual relations between the parties without creating friction between state and federal courts or encroaching on the jurisdiction of state courts.

As to the issue of Plaintiff's duty to indemnify Defendants from liability in the underlying lawsuit, however, a different conclusion may be reached. A determination of that issue may depend on the resolution of claims and issues in the underlying lawsuit, which is at a preliminary stage and has been stayed during an interlocutory appeal. It is unclear whether a declaration of coverage can

presently be made and, if so, whether it would serve a useful purpose. On the present record, it appears that Defendants' theory of insurance coverage depends on the nature of certain legal theories and factual allegations asserted in the underlying lawsuit. It may be premature to decide the issue of indemnity prior to a finding of liability under a particular theory. In short, the Court finds that pressing forward on all issues in this case prior to a resolution of predicate issues in the underlying lawsuit might improperly encroach on state jurisdiction. Therefore, the Court will proceed on the Complaint limited solely to the issue of Plaintiff's duty to defend the underlying lawsuit. Following the disposition of that issue, Defendant may renew its motion, if appropriate, before the case proceeds on any remaining issues of insurance coverage.[3]

**Conclusion**

Therefore, Defendant Southern Nazarene University's Motion to Dismiss [Doc. No. 13] is DENIED subject to the conditions set forth in this Order.

IT IS SO ORDERED this 29th day of December, 2008.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE

---

[3] In addition, Defendant may renew its motion related to Plaintiff's duty to defend should it subsequently appear in further proceedings on that issue that improper encroachment on state court jurisdiction may result.