IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GUIDEONE ELITE INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. CIV-08-727-D ) |
| SOUTHERN NAZARENE UNIVERSITY and PRESTON "LYNN" SIMS, | ) ) ) ) |
| Defendants. | ) |

**O R D E R**

Before the Court is Plaintiff GuideOne Elite Insurance Company, Inc.'s Motion to Dismiss Defendants' Counterclaim [Doc. No. 41], filed pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff seeks the dismissal without prejudice of counterclaims of insurer's bad faith and breach of contract arising from Plaintiff's denial of insurance coverage for a state court lawsuit.[1] Although dismissal is sought under Rule 12(b)(6) for failure to state a claim upon which relief can be granted, Plaintiff argues only that the claims are "premature and not actionable" until underlying issues can be resolved in the state court lawsuit. *See* Pl.'s Mot. Dism. at 5. Defendants have timely opposed the Motion, and Plaintiff has replied. The Motion is thus at issue.

Plaintiff makes no effort in its Motion to apply Rule 12(b)(6) standards to Defendants' pleading. Instead, Plaintiff seems to argue that those standards are inapplicable because it requests only "that Defendants' counterclaim be dismissed without prejudice and subject to re-filing pursuant to Fed. R. Civ. P. 13(e)." Pl.'s Mot. Dism. [Doc. 41] at 3. The premise of Plaintiff's argument is

---

[1] The Court rejects Plaintiff's position that Defendants' pleading asserts only a bad faith claim and not a breach of contract claim.

that, until factual and legal issues are resolved in the underlying state court lawsuit, no determination of coverage can be made, and "a determination of liability under the contract is a prerequisite to a recovery for bad faith breach of an insurance contract." *Davis v. GHS Health Maintenance Organization, Inc.*, 22 P.3d 1204, 1210 (Okla. 2001). In response, Defendants present case law supporting the proposition that a breach of contract and a bad faith claim can proceed in tandem. *See*, *e.g.*, *Haberman v. The Hartford Ins. Group*, 443 F.3d 1257 (10th Cir. 2006). In fact, in the Court's experience, the assertion of both claims together is commonplace. Plaintiff's reply to this argument is that the sequential resolution of issues in *Haberman* – first, a determination of coverage and, then, a determination of bad faith – should be followed in this case.

Plaintiff provides no legal authority to support its request for a dismissal of the counterclaims as "premature" but argues that Defendants should not be permitted to litigate the issue of insurance coverage in the context of this case. The Court has previously ruled on a motion by Defendant Southern Nazarene University (SNU) to dismiss this declaratory action; the Court determined that the action should proceed "limited solely to the issue of Plaintiff's duty to defend the underlying lawsuit." *See* Order 12/29/08 [Doc. 33] at 4. In so ruling, the Court decided to exercise its discretion under the Declaratory Judgment Act to determine only that issue because "permitting this case to go forward on the issue of Plaintiff's duty to defend will clarify the contractual relations of the parties without creating friction between state and federal courts or encroaching on the jurisdiction of state courts" but "pressing forward on [the issue of Plaintiff's duty of indemnity] prior to a resolution of predicate issues in the underlying lawsuit might improperly encroach on state jurisdiction." *Id*. at 3, 4. Subsequent to that ruling, SNU answered the Complaint, and Defendants asserted the counterclaims at issue.

Although not well articulated in the Motion and supporting briefs, the Court understands Plaintiff's contention to be that Defendants' counterclaims facially appear to expand the scope of this case to include matters over which the Court has declined to exercise jurisdiction.[2] Thus, while Plaintiff fails to justify the dismissal of Defendants' counterclaims as premature, the Court finds that Plaintiff has raised a legitimate question regarding efficient case management. Counsel for the parties should be prepared to address this question at the scheduling conference, including whether bifurcation or other sequential resolution of the parties' claims is appropriate.

IT IS THEREFORE ORDERED that Plaintiff GuideOne Elite Insurance Company's Motion to Dismiss Defendants' Counterclaim [Doc. No. 41] is DENIED, without prejudice to resumission, subject to the conditions stated herein.

IT IS SO ORDERED this 6th day of April, 2009.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[2] Defendants complain, for example, that Plaintiff "failed to promptly and properly investigate the claim before denying coverage. *See* Counterclaims [Doc. 39], ¶ 12.a.